IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PEDRO SALDIVAR, JR.                                                                                          PLAINTIFF

v.                           Civil No. 5:23-cv-05048-TLB-MEF

CORPORAL DRUMWRIGHT,
Washington County Detention Center                                                                DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey the Court's Orders.

### I.   DISCUSSION

Plaintiff filed this case on March 31, 2023. An Order (ECF No. 3) was entered advising Plaintiff that his *in forma pauperis* ("IFP") application was deficient as it did not contain a certificate regarding the funds held in his inmate account. Plaintiff was given until April 21, 2023, to either pay the $402 filing fee or submit a completed IFP application by providing the certificate of account. Plaintiff was advised that failure to comply with the Order would result in the summary dismissal of the case.

Plaintiff did not pay the filing fee or file the certificate of account by April 21, 2023. On May 3, 2023, a Show Cause Order (ECF No. 5) was entered. Plaintiff's response to the Show Cause Order was due by May 24, 2023. Plaintiff was advised that failure to comply with the

Show Cause Order "shall" result in the dismissal of the case.

To date, Plaintiff has not paid the filing fee, filed the certificate of account, or responded to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 3 & 5).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 2nd day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE